IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00613-REB-KLM

TIMOTHY W. SMITH,

    Plaintiff,

v.

ALAN K. MILLER (agent of named political subdivision) in individual capacity;
CHIEF SCOTT BOOKMAN (agent of Denver Health Paramedic Division) in individual and official capacity;
DENVER HEALTH AND HOSPITAL AUTHORITY (an autonomous political subdivision of the State of Colorado); and
JOHN DOES 1 – 5

    Defendants.

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on motion and stipulation under Fed. R. Civ. P. 26(b)(5), brought by Timothy W. Smith, Alan K. Miller, Chief Scott Bookman, and Denver Health and Hospital Authority, through their respective counsel of record. The Court being appropriately informed on this matter and good cause having been shown in support of entry of a protective order,

IT IS ORDERED:

1.     This Protective Order shall apply to all documents in Defendant Miller's employment file, which have been bates numbered MILLEREMPLOYMENTFILE 1 through MILLEREMPLOYMENTFILE 76 (Miller Employment File).

2. The moving parties agree and stipulate that the Miller Employment File shall be kept confidential and shall not be used, without the written consent of the party producing it or the Court, for any purpose outside of the present litigation. The moving parties agree that personal information such as social security numbers, financial information, and driver's license numbers, may be redacted from the Miller Employment File prior to its production for use in the present case. Further, the moving parties agree that the Miller Employment File, any document therein (with bate numbers beginning with MILLEREMPLOYMENTFILE __) shall be considered and remain confidential even if not specifically designated or marked as Confidential.

3. The moving parties further stipulate that other documents, materials, and information may be designated as confidential under this Stipulated Protective Order by providing notice to the parties that the information is considered confidential, which, in the case of documents, may be accomplished by labeling the documents with the term "CONFIDENTIAL." Information designated as confidential under this Stipulated Protective Order shall not be used, without written consent of the party producing it or the Court, for any purposes outside of the present litigation.

4. For purposes of the present litigation, the information designated as confidential under this Stipulated Protective Order, including all information contained in the Miller Employment File, may be disclosed to: the named parties and their representatives; attorneys actively working on the case along with their staff and consultants; the Court and its employees; expert witnesses retained for purposes of providing opinions regarding this case to the extent such disclosure is necessary to

prepare for and participate in trial and pre-trial proceedings; stenographic reporters participating in proceedings necessarily incident to this case; deponents, witnesses, and potential witnesses; and any other person designated by written agreement of the parties.

5. A party may object to the designation of particular information as confidential by giving written notice to the party who designated the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received despite good faith effort to do so, it shall be the obligation of the party objecting to the confidentiality of the disputed information to ~~file an appropriate motion,~~ requesting *that* the Court ~~to~~ determine whether the disputed information should be subject to this Stipulated Protective Order *pursuant to MJ Mix's discovery procedures*. If such a ~~motion~~ *request* is properly ~~filed~~ *made* with the Court, the disputed information shall be treated as confidential under the terms of this Stipulated Protective Order until the Court rules on the ~~motion~~ *request*. In connection with a ~~motion filed~~ *request made* under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential. Further, the parties stipulate that any documents designated as confidential, but which are ~~attached to a motion filed~~ *the subject of a request made* under this provision, shall be filed under seal and treated as a document filed under seal until such time as the Court rules on the subject ~~motion~~ *request*.

6. At the conclusion of the case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as confidential

3

under this Stipulated Protective Order shall be returned to the party that designated it as confidential or the parties may elect to destroy documents designated as confidential under this Stipulated Protective Order. Where the parties agree to destroy documents, the destroying party shall provide an affidavit confirming destruction to the designating party.

7. This Stipulated Limited Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

June 16, 2011

FENNEMORE CRAIG, P.C.

/s/ Troy R. Rackham
    Troy R. Rackham
    1700 Lincoln Street, Suite 2900
    Denver, CO 80203
    *Attorney for Defendant*
    *Alan K. Miller*

IRWIN & BOESEN

/s/ Lane N. Cohen
    Lane N. Cohen
    4100 E. Mississippi Ave.
    19th Floor
    Denver, CO 80246
    *Attorney for Plaintiff*
    *Timothy W. Smith*

PRYOR JOHNSON CARNEY KARR NIXON, P.C.

/s/ Patrick A. Singer
    Scott S. Nixon
    Patrick A. Singer
    5619 DTC Parkway, Suite 1200
    Greenwood Village, CO 80111
    *Attorneys for Defendants Denver Health*
    *and Hospital Authority and Scott Bookman*

DATED this __16TH__ day of __June__, 2011.

Kristen L. Mix
U.S. Magistrate Judge