IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00613-REB-KLM

TIMOTHY W. SMITH,

      Plaintiff,

v.

ALAN K. MILLER, agent of named political subdivisions, in his individual capacity, and
DENVER HEALTH AND HOSPITAL AUTHORITY, an autonomous subdivision of the State
of Colorado,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the **Motion to Strike Plaintiff's Retained Expert Endorsement by Defendant Denver Health and Hospital Authority** [Docket No. 34; Filed October 26, 2011] (the "Motion").  The Motion is referred to this Court for disposition. [#35].  Defendant Alan K. Miller joined in the relief requested on November 3, 2011.  [#36]. Plaintiff filed a Response in opposition to the Motion on November 7, 2011.   [#37]. Defendant Denver Health and Hospital Authority submitted a Reply on November 21, 2011. [#41].  The Court has reviewed the briefing and the applicable case law, and is fully advised on the premises.  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Defendants' Motion.

1

## I.  Background

This lawsuit was removed from Denver County District Court on March 11, 2011. [#1].  Plaintiff brings this case pursuant to 42 U.S.C. § 1983.  *See id.*  Plaintiff alleges that he was mistreated by emergency medical personnel during an ambulance transport on January 3, 2009, in violation of his federal constitutional rights and Colorado state law.  *See Sched. Ord.*, [#13] at 2-3; *see also Compl.*, [#2].  The Court held a Scheduling Conference on May 16, 2011.  [#12].  In the Scheduling Order entered the same date, the Court set a deadline for initial expert designations of September 20, 2011, and a deadline for rebuttal expert designations of October 20, 2011.  [#13] at 12.  Presently, the Final Pretrial Conference is scheduled for February 22, 2012, the Trial Preparation Conference is scheduled for March 23, 2012, and trial is set to commence on April 9, 2012.  [##11, 12].

In the Motion at hand, Defendants assert that although Plaintiff timely identified one retained expert witness, William M. Ozga,[1] on September 20, 2011, Plaintiff failed to include Mr. Ozga's expert report with the disclosure as required by Fed. R. Civ. P. 26(a)(2).  [#34] at 2.  Defendants ask the Court to strike Mr. Ozga as an expert and to strike the claims that Mr. Ozga's testimony is intended to support, namely, Plaintiff's claims two, three, seven, ten, and eleven.  *Id.* at 8.

In response, Plaintiff admits that he did not receive a written report from Mr. Ozga by September 20, 2011.  [#37] at 1.  Plaintiff explains that, in lieu of the complete report, he provided Defendants with a "brief summary of what the expert's report was expected to say."  *Id.*  Plaintiff states that he received Mr. Ozga's report on November 3, 2011, and

---

[1]  The report identifies the expert's name as William Ozga, thus the Court will refer to him as such, despite the conflicting spellings of his name in the parties' briefing.  See [#41-1].

"immediately supplied [it] to all counsel of record." *Id.* at 2.  Plaintiff contends that Defendants should not be surprised or prejudiced by the content of the tardy report, because "[t]he basic subject matter of Plaintiff's expert's opinion has been discussed by counsel throughout." *Id.* at 3.

In reply, Defendants do not dispute that Plaintiff supplemented his initial expert disclosure with Mr. Ozga's report on November 3, 2011. [#41] at 2.  Defendants challenge Mr. Ozga's report as inadequate for the following reasons: 1) it was untimely disclosed; 2) it is unsigned (and therefore is unclear as to its preparer); 3) it fails to list any publications Mr. Ozga has authored during the last ten years; 4) it fails to disclose any other cases in which Mr. Ozga has offered testimony during the last four years; and 5) it fails to state the compensation paid to Mr. Ozga.  *Id.* at 2-3.  Defendants claim the untimeliness and general inadequacy of Mr. Ozga's report is prejudicial, because these failures hinder Defendants' ability to properly evaluate and respond to Mr. Ozga's testimony.  *Id.* at 3-4.  Defendants further assert that they have not been able to depose Mr. Ozga, due to the imminent case management deadlines.[2]  *Id.* at 4.

## II.  Discussion

As an initial matter, numerous courts have noted, and the undersigned agrees, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *See, e.g., Washington v. Arapahoe Cnty. Dep't of Social Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted).  Pursuant to Fed.

---

[2]  The discovery deadline expired on November 30, 2011, but was extended for a limited purpose to December 16, 2011, the dispositive motions deadline is December 30, 2011, the Final Pretrial Conference is scheduled for February 22, 2012, the Trial Preparation Conference is scheduled for March 23, 2012, and trial is set to commence on April 9, 2012.  [##11, 12, 44].

R. Civ. P. 16(b), a deadline set in a scheduling order may be modified only upon a showing of good cause. Good cause has been interpreted to mean that "scheduling deadlines cannot be met despite a party's diligent efforts, ... Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Jorgenson v. Montgomery*, No. 06-cv-00853-MSK-BNB, 2007 WL 3119549, at *3 (D. Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.1997)).

Here, Plaintiff did not seek to extend the expert disclosure deadline, even with the knowledge that the requisite expert report would be untimely disclosed.  Furthermore, Plaintiff offers no explanation for the delay in obtaining the expert report in his Response, other than to say he simply did not receive it in time.  This meager assertion fails to remedy either the delayed disclosure of the report or its substantive inadequacies, as further explained below.

Although "the decision to exclude evidence is a drastic sanction," Rule 37(c)(1) prescribes a mechanism to impose certain consequences if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1); *See Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir.1997).  Rule 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  These witnesses are referred to as expert witnesses.  If such a witness is "one retained or specially employed to provide expert testimony in the case," the disclosure of the expert's identity must be accompanied by a written report prepared and signed by the expert witness.  Fed. R. Civ. P. 26(a)(2)(B).

4

Pursuant to Rule 26(a)(2)(B),

The report **must** contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

(emphasis added). Expert disclosures must be "detailed and complete," and not "sketchy and vague." *Id.* Advisory Committee's Note; *accord Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 595 (D. Colo. 2009) ("The written [expert] report should explain 'how' and 'why' the expert reached the opinions he or she intends to offer at trial."); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 185 (D. Kan. 1997) ("The report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them"). An expert report must be "comprehensive" and a "definitive disclosure of the testimony ... of the expert.*" Dixie Steel Erectors, Inc. v. Grove U.S., LLC*, No. CIV-04-390-F, 2005 WL 3558663, at *9 (W.D. Okl. Dec. 29, 2005) (unreported decision). "Rule 26(a)(2)'s requirements 'are mandatory and self-executing.'" *Kern River Gas Transmission Co. v. 6.17 Acres of Land*, 156 F. App'x 96, 102 (10th Cir. 2005) (quoting *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 59 (1st Cir. 2001)).

In Plaintiff's initial Rule 26(a)(2) expert disclosure, Plaintiff stated Mr. Ozga's name and address, and explained that the report had not yet been received. [#34-1]. Plaintiff summarized Mr. Ozga's expected testimony as including: "the EMT basic protocols,

reporting of abuse by EMTs, standard of care that every EMT must follow regardless of their EMT level, EMT's legal obligation to report patient abuse and EMT's responsibilities." *Id.* The report itself, included with Defendants' Reply as Exhibit C, is dated November 1, 2011. [#41-1] at 5.

Review of the report demonstrates that it does not satisfy the requirements stated in Rule 26(a)(2)(B). Mr. Ozga briefly touches on his qualifications, but does not provide a list of all publications authored in the previous ten years, or a list of any other cases in which he has testified during the previous four years. Mr. Ozga further does not reveal the compensation he has received or expects to receive in exchange for his report and testimony. Mr. Ozga does not indicate whether he has relied on certain evidence in making his report, nor does he refer to any external exhibits that will be used during the presentation of his testimony at trial. In short, the report is late and inadequate, in violation of Rule 26(a)(2).

Rule 37(c)(1) provides that a failure to comply with Rule 26(a)(2) precludes the use of the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). The Tenth Circuit considers four factors in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993.

6

The Court finds that the four *Woodworker's* factors weigh in favor of granting Defendants' request to strike Mr. Ozga, as the late disclosure of Mr. Ozga's report is neither harmless nor substantially justified.   Defendants are prejudiced by the tardy disclosure of Mr. Ozga's inadequate report, in satisfaction of the first factor.   Mr. Ozga's report was untimely and fails to include the components prescribed by Rule 26(a)(2)(B). Defendants do not have time to depose Mr. Ozga or retain a rebuttal expert (or prepare some other defense), as discovery regarding experts is now closed, the dispositive motion deadline looms at December 30, 2011, and the trial settings commence in early 2012. Thus, the parties' ability to cure the prejudice is severely limited, in consideration of the second factor.

The third factor also favors striking Mr. Ozga's report.   The case management schedule was established with the purpose of ensuring that both sides would be thoroughly prepared for trial, which was scheduled commensurate with the case management deadlines. *See* [#11].  Permitting Plaintiff to present Mr. Ozga's report at this later stage of the litigation disrupts this schedule, as its tardy disclosure and failure to comply with Rule 26(a)(2)(B)'s requirements prevent Defendants from properly assembling their defense in a timely manner.

Last, regarding the fourth factor, the Court believes that Plaintiff's delay in disclosing the report and the report's general inadequacies reflect something more than mere carelessness on part of Plaintiff.   Plaintiff clearly knew that the initial disclosure was deficient, yet he still failed to request an extension of the initial expert disclosure deadline. Moreover, the fact that the report is dated November 1, 2011, indicates to the Court that Plaintiff simply was not diligent in attempting to meet the Scheduling Order's deadlines.

7

Plaintiff offers no excuse (other than a conclusory statement that the tardiness was out of counsel's control), establishing good cause or otherwise, in defense of his noncompliance with the Scheduling Order and with Rule 26(a)(2).  Thus, not only is the late disclosure of Mr. Ozga's inadequate report harmful, but also the deficient disclosure is not substantially justified.  Accordingly,

IT IS HEREBY **ORDERED** that the portion of Defendant's Motion requesting that the Court strike the designation of Mr. Ozga as an expert is **GRANTED**.  Mr. Ozga's expert designation and accompanying report are **STRICKEN** pursuant to Fed. R. Civ. P. 37(c)(1).

IT IS FURTHER **ORDERED** that the portion of Defendant's Motion requesting that the claims related to Mr. Ozga's testimony be stricken is **DENIED WITHOUT PREJUDICE**. If Defendants re-file this request, they must include applicable legal authority.  *See* D.C.COLO.LCivR 7.1C. ("a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion.").

Dated:  December 5, 2011

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

8